UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| COMMONWEALTH CARE ALLIANCE, HEALTH CARE FOR ALL, GLENN CRENSHAW, AND PAULA CRENSHAW, individually and on behalf of persons similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA PLC, ASTRAZENECA US, ZENECA, INC., AND ZENECA HOLDINGS, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  05 CV 10-335-DPW |

**MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY
ON ISSUES RAISED BY PLAINTIFFS' MOTION TO REMAND
<u>AND TO DEFER PRETRIAL DISCOVERY AND REMAND PROCEEDINGS</u>**

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, Zeneca, Inc., and Zeneca Holdings, Inc. ("Defendants")[1] respectfully submit this motion for limited expedited discovery on the issues related to Plaintiffs' Motion to Remand, specifically focusing on the jurisdictional amount at issue.

Since the results of this discovery are likely to determine the existence of federal diversity jurisdiction over this action, Defendants also move to defer for a reasonable time (i) the remand proceedings, including the stipulated briefing schedule, pending the completion of the

---

[1] While named a defendant, AstraZeneca US is not, in fact, a legal entity.

limited jurisdictional discovery; (ii) service of the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), pending a decision on Plaintiffs' Motion to Remand; and (iii) filing of the pretrial discovery plan required under LR 16.1(d)(1) pending a ruling by the Court on Defendants' Motion to Dismiss.[2]

## Factual Background

Plaintiffs assert in the Class Action Complaint and Jury Trial Demand ("Complaint") that Defendants have impermissibly promoted the drug Nexium® over one of its other drugs, Prilosec®, because Nexium® is still on patent and therefore more profitable.  Plaintiffs allege that Commonwealth Care Alliance ("CCA") is a "prepaid care system contracting with Medicare and Massachusetts Medicaid to provide comprehensive care to vulnerable, high cost populations." Complaint at ¶ 14.  Plaintiffs further allege that "tens or hundreds of thousands of individuals and entities throughout Massachusetts" have paid $4 or more for each Nexium® pill, when 50 cents or less for each Prilosec® pill would have sufficed.  Complaint at ¶¶ 57, 54.

On February 18, 2005, Defendants removed this action from the Superior Court for Suffolk County, Commonwealth of Massachusetts on diversity grounds.  On March 22, 2005, Plaintiffs filed a Motion to Remand ("Motion").  In their motion, Plaintiffs concede that the requirement of complete diversity is met.  Motion at ¶ 3.  However, they claim that neither CCA nor any of the named plaintiffs meet the $75,000 jurisdictional amount.  *Id*.

The assertion with respect to CCA is particularly artful.  Plaintiffs state only that CCA "*purchased* $1,608.71 worth of Nexium."  Memorandum Supporting Plaintiffs' Motion to Remand at 7 ("Memorandum") (emphasis added).  Since CCA is a third party payor, CCA does

---

[2] Defendants do not generally appear hereby, but make only a limited appearance for purposes of the motion for leave to take limited discovery and the motion to stay.  In so doing, the Defendants do not waive any objection to the Court's personal jurisdiction or other defenses.

not ordinarily "purchase" (i.e. take title of) pharmaceutical drugs, but rather reimburses its member patients for their purchases. *See* Affidavit of Lois Simon at p.1 (a copy of the Simon Affidavit is attached hereto as Exhibit A). Indeed, this is a distinction Plaintiffs make in their Complaint, where they state that CCA brings suit on behalf of all third-party payors "who paid for Nexium in *or* purchased in [*sic*] the Commonwealth of Massachusetts." Complaint at ¶ 14 (emphasis added). Defendants seek limited expedited discovery to determine whether Plaintiffs' conclusory assertions about the jurisdictional amount in their Motion to Remand, particularly in contrast to the allegations in the Complaint about seemingly far flung injury, are accurate.

Pursuant to the parties' obligation to meet and confer in an attempt to narrow or resolve the issues raised by this motion before filing, *see* L.R. 7.1, counsel for the Defendants explained the perceived ambiguity contained in the Motion to Remand and, in particular, the ambiguity surrounding the word "purchased" in view of CCA's status as a third-party payor and the allegations in the Complaint. Counsel for the Plaintiffs responded that, in its view, there was no such ambiguity in the Motion to Remand but that the Plaintiffs would consider providing additional information to address the ambiguity, as perceived by the Defendants. In response to that offer, counsel for the Defendants requested an affidavit from CCA stating that "to date, any actual damages that CCA has sustained from the activities complained of in the complaint are less than $1,700." Counsel for the Plaintiffs agreed to provide such an affidavit by 4:00 p.m. on March 31, 2005. On the afternoon of March 31, 2005, counsel for the Plaintiffs faxed to counsel for the Defendants an affidavit by Ms. Lois Simon, the Chief Operating Officer. In the affidavit, however, Ms. Simon repeats the same ambiguous "purchase" language contained in the Motion to Remand: "Commonwealth Care Alliance has incurred charges of $1,608.71 in connection with *its purchases* of Nexium during the class period and up to February 28, 2005."

Simon Aff. at 2 (emphasis added).  Thus, despite discussing the very issue during the pre-motion conference, and despite Plaintiffs' purported agreement to provide an affidavit responsive to this very issue, the Simon Affidavit does not clear up the ambiguity surrounding the use of the word "purchased" in the Motion to Remand.  Following receipt of the Simon Affidavit, counsel for the Defendants requested further clarification of this issue from counsel to the Plaintiffs but received no response to that request.

In view of the Plaintiffs' failure to provide information responsive to the Defendants' request for clarification of the statements contained in the Motion to Remand, the Defendants feel constrained to file this Motion.

## Argument

Limited expedited discovery should be allowed because information about the amount in controversy is necessary to resolve issues of subject matter jurisdiction.  Contrary to Plaintiffs' argument in their Memorandum, many courts have found it appropriate to consider additional evidence when the jurisdictional amount is not apparent from the face of the complaint.  Indeed, Plaintiffs cite two such cases in their Memorandum.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001) (holding that court "may require evidence relevant to the amount in controversy at the time the case was removed"); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (permitting removing party to use "post-petition affidavits" relating to jurisdictional amount at time of removal).  Such evidence is necessary here.

**1.    Discovery into Jurisdictional Amount is Proper and Necessary**

The granting of limited expedited discovery on remand-related issues is proper and necessary to resolve issues of subject matter jurisdiction.  Thus, in *Rautenstrauch v. Stern/Leach Co.*, 2004 WL 42573, *1 (D. Mass. 2004), this Court entered an order reserving a motion for

remand regarding the citizenship of a defendant corporation. The Court established a discovery schedule on remand issues, as well as on the merits, in order to develop a record on which to decide the motion to remand. *Id*. at *3-5 (considering depositions and affidavits from various individuals on the issue of defendant corporation's principal place of business).

Similarly, when the amount in controversy is not clear from the face of the complaint, other courts have ordered "limited and reasonable discovery relevant to the amount in controversy." *See*, *e.g.*, *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, *1 (N.D. Cal. 2003) (noting that defendant issued requests for admission, interrogatories, and requests for documents on plaintiff). As one court explained regarding 28 U.S.C. § 1441, "where disputed or material issues of fact exist and a motion therefore cannot be decided based upon the materials then before the court, the court may properly defer its ruling thereon until such time as an evidentiary hearing or discovery of those issues has been taken . . . ." *Institute of Pennsylvania Hospital v. Travelers Insurance Co.,* 817 F. Supp. 24, 25 (E.D. Pa. 1993) (continuing motions to remand and dismiss to allow parties to take fact discovery necessary to determine if original jurisdiction existed).

Plaintiffs allege in the Complaint that "tens or hundreds of thousands of individuals and entities throughout Massachusetts" purchased Nexium® during the Period. Complaint at ¶ 16. If this is indeed the case, Defendants should have the opportunity to find out if CCA meets the amount in controversy as a result of having paid for Nexium® on behalf of a correspondingly large number of individuals during the Period.

2.  **Further Remand Proceedings, Rule 26(A) Automatic Required Disclosures, and Filing of a Pretrial Discovery Plan Should be Deferred for a Reasonable Time**

The Court should defer further remand proceedings, including the stipulated briefing schedule, for a reasonable time to allow the completion of jurisdictional discovery.[3]  Defendants suggest 45 days for the completion of such limited discovery and 30 days thereafter for the filing of Defendants' opposition to Plaintiffs' Motion to Remand, to be followed in 20 days by the filing of Plaintiffs' Reply To Defendants' Opposition.

In addition, the Court should defer the requirement, under Fed. R. Civ. P. 26(a) and LR 26.2(A), that the parties provide certain initial disclosures, pending a decision on Plaintiffs' Motion to Remand.  Such deferral is within the Court's discretion.  By providing that automatic disclosures could be modified by court order, the drafters of Fed. R. Civ. P. 26(a) "made clear that 'a court may eliminate or modify the disclosure requirements in a particular claim.'" *In re Lotus Development Corp. Securities Litigation*, 875 F. Supp. 48, 50 (D. Mass. 1995) (citing advisory committee's note and denying motion to stay based on particularity language in Fed. R. Civ. P. 26(a)(1)(A) and (B), not at issue here); *cf.* LR 16.1(d)(1) (providing that joint statement obligations may be modified by order of the judge).  Courts have exercised this authority to defer proceedings, including initial disclosure obligations, pending decision on a dispositive motion.  *See, e.g.*, *Floures v. Southern Peru Copper Corp.*, 203 F.R.D. 92, 94 (S.D.N.Y. 2001) (describing "the continuing authority of the district courts to make 'case-specific orders' deferring initial disclosures under the Rule") (citing Fed. R. Civ. P. 26(a)(1) advisory committee's notes).

---

[3] Under the stipulated schedule endorsed by the Court on March 10, 2005, the Defendants' Opposition to Plaintiffs' Motion to Remand would be due on April 12, 2005, and the Plaintiffs' Response would be due on April 22, 2005.

Here, if federal jurisdiction does not exist, the automatic disclosures required by Fed. R. Civ. P. 26(a) and LR 26.2(A) will become unnecessary. *Compare* Fed. R. Civ. P. 26(a) *with* Mass. R. Civ. P. 26 (not providing for initial disclosures).

Similarly, the Court should defer the period for filing a joint discovery plan under LR 16.1(d)(1) pending a decision the jurisdiction question and a decision on Defendants' Motion to Dismiss. Differences in Federal and State rules governing the requirements for and timing of discovery events (*e.g.*, initial disclosures, stipulated protective orders, and depositions) militate against establishing such a schedule at this time. Defendants propose that the parties file a Local Rule 16.1(d)(1) joint discovery plan 20 days after a ruling from the Court on Defendants' Motion To Dismiss.

WHEREFORE, the Defendants respectfully request (i) that the Court grant leave for Defendants to conduct limited discovery into the jurisdictional amount, (ii) that the Court defer further proceedings on the Motion to Remand, including the stipulated briefing schedule, pending the completion of jurisdictional discovery; (iii) that the Court defer the period for compliance by both parties with the required service of initial disclosures under Fed R. Civ. Pro. 26(a)(1) and LR 26.2(A), pending a decision by the Court on the Motion to Remand; (iv) that the Court defer the period for filing a pretrial discovery plan under LR 16.1(d)(1) pending a ruling on Defendants' Motion to Dismiss. A proposed order is attached hereto as Exhibit B.

       Respectfully submitted,

       ASTRAZENECA PHARMACEUTICALS LP

       ASTRAZENECA PLC

       ZENECA, INC.

       ZENECA HOLDINGS, INC.

       By their attorneys,

       /s/ Peter L. Welsh_____
       Harvey J. Wolkoff (BBO #532880)
       Joshua S. Levy (BBO #563017)
       Peter L. Welsh (BBO #643261)
        ROPES & GRAY
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000
       peter.welsh@ropesgray.com

Dated: March 31, 2005

Certification Pursuant to Local Rule 7.1(a)(2)

I, Peter L. Welsh, hereby certify that the parties have conferred and attempted in good faith to resolve or narrow the issue to the greatest possible extent.

/s/ Peter L. Welsh
Peter L. Welsh (BBO #643261)
ROPES & GRAY
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was served electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) or mailed pursuant to Fed. R. Civ. P. 5(b)(2)(B), by First Class Mail, postage prepaid, this 31st day of March, 2005, to the counsel of record for each party.

/s/ Peter L. Welsh
Peter L. Welsh (BBO #643261)
ROPES & GRAY
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH CARE ALLIANCE,

                Plaintiff,

v.

ASTRAZENECA PHARMACEUTICALS, L.P.,
et al.,

                Defendants.

Civil Action No. 05-10335 DPW

## AFFIDAVIT OF LOIS SIMON

I, Lois Simon, depose and state under oath as follows:

1.     I am the Chief Operating Officer of Commonwealth Care Alliance ("CCA");

2.     CCA is a prepaid care system contracting with Medicaid and Massachusetts Medicaid to provide comprehensive care to the Medicaid-eligible elderly population in Massachusetts.

3.     CCA is a third-party payor that paid for Nexium on behalf of its beneficiaries during the Class Period as alleged in the complaint.

4.　　Commonwealth Care Alliance has incurred charges of $1,608.71 in connection with it's purchases of Nexium during the class period and up to February 28, 2005.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF MARCH 2005.

_____
Lois Simon

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.　　　　　　　　　　　　　　　　March 31, 2005

Then personally before me appeared the above-named, Lois Simon, and took the oath that the following is true and correct.

ANDREW D. THIBEDEAU
Notary Public
Commonwealth of Massachusetts
My Commission Expires
Jan. 26, 2012

Notary Public
My Commission Expires:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | | |
|---|---|---|
| COMMONWEALTH CARE ALLIANCE, HEALTH CARE FOR ALL, GLENN CRENSHAW, AND PAULA CRENSHAW, individually and on behalf of persons similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA PLC, ASTRAZENECA US, ZENECA, INC., AND ZENECA HOLDINGS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.  05 CV 10-335-DPW |

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY

IT IS HEREBY ORDERED that:

1. Defendant's motion for leave to take limited expedited discovery relating to the jurisdictional amount is <u>allowed</u>.  Defendants shall have 45 days leave to take discovery relating to the sum or value of claims by named Plaintiffs, including but not limited to Commonwealth Care Alliance.  Such discovery may take the form of depositions, interrogatories, and/or requests for documents, but shall be limited to the sole purpose of determining the amount in controversy necessary to satisfy 28 U.S.C. § 1332(a).  The time for Plaintiffs to respond to requests for documents and interrogatories is limited to 10 days.

2. Defendants shall have 30 days after the completion of such discovery to file an opposition to Plaintiff's motion to remand.

3. Plaintiffs shall have 20 days thereafter to file a reply to Defendant's opposition to the motion to remand.

4. The obligations of all parties to produce required initial disclosures, under Fed. R. Civ. P. 26(a) and Local Rule 26.2(A), are deferred pending a decision by the Court on Plaintiff's motion to remand. If such motion is denied, such disclosures must be made at or within 14 days of the Court's decision.

So ordered,

_____
Hon. Douglas A. Woodlock
United States District Judge